PER CURIAM.
We reverse the trial court’s entry of summary judgment. At issue in the court below was the priority of liens on real property held by the parties to this appeal. The appellee, a judgment creditor, whose lien attached prior to that of the appellant, a construction mortgage lender, was successful in the court below in claiming that a subordination agreement executed by him in favor of the appellant lender was invalid by reason of the lender’s failure to.execute the agreement and its breach thereof. There is evidence in the record that the subordination agreement was executed by the appellee and that the lender substantially funded the loan to the property owner contemplated by the agreement. There is also proof that the appellee received payments from the periodic sale of improvements made on the property and that the improvements were made by use of the loan proceeds. However, on the record before us it is unclear as to exactly what agreement existed between the parties and the property owner as to the payment of appellee’s judgment, the effect of the subordination agreement on the payment, and the extent to which any agreement was performed or breached by the parties or the property owner who secured the loan.
Accordingly, we reverse and remand for further proceedings consistent herewith. Our ruling on the summary judgment issue also dictates that the trial court reconsider the appellant’s motion to amend.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.
BARKETT, J., dissents without opinion.